**LAW OFFICES OF STEVE GIMBLIN**
Steve Gimblin (272044)
1700 Poole Blvd.
Yuba City, CA 95993
P#530-671-9822
F#530-671-4120
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| **DON STACHELRODT**, <br><br> Plaintiff, <br><br> v. <br><br> **PINNACLE CREDIT SERVICES, LLC & COMMERCIAL RECOVERY SYSTEMS, INC.** . <br><br> Defendant(s). | Case No. <br><br> **VERIFIED COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. 1692(a)-(e)

1

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. DON STACHELRODT, (hereinafter "Plaintiff"), by and through Plaintiff's attorney(s), brings this action to challenge the actions of PINNACLE CREDIT SERVICES, LLC (hereinafter "PINNACLE"), and COMMERCIAL RECOVERY SYSTEMS, INC. (hereinafter "CRS") with regard to attempts by Defendant(s), debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq (FDCPA).

7. Because Defendants, and each of them, do business within the State of California, personal jurisdiction is established.

---

[2] Cal. Civ. Code 1788.1 (a)-(b)

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of DIXON, County of SOLANO, State of California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant PINNACLE is a company operating from the City of MINNEAPOLIS, State of MINNESOTA with a principal place of business address of 7900 HWY 7, Minneapolis, MN 55426.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant CRS is a company operating from the City of DALLAS, State of TEXAS with a principal place of business address of 8035 E R L Thornton FWY, Suite 220, Dallas, TX 75228-7145.

13. Plaintiff is informed a believes, and thereon alleges, that both PINNACLE and CRS did conduct business in the state of California during all pertinent times alleged herein, and continues to do business in the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant/s is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).This case involves money, property or their equivalent,

due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

16. At all times relevant, Plaintiff was an individual residing within the State of California.

17. Sometime in or before 2009, Plaintiff allegedly incurred financial obligations (hereinafter the "Debt") to HSBC Bank Nevada, N.A. for a credit account with a retail store known as 'NEIMAN MARCUS' that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f). On or about June 10, 2009 said alleged obligations were sold or otherwise transferred to CACH, LLC. On or about September 26, 2012 said alleged obligations were again sold or otherwise transferred to FOURSCORE RESOURCE CAPITAL, LLC and assigned to Defendants for collection.

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime in 2009 the alleged Debt went into default status.

20. On or about September 24, 2012 PINNACLE began reporting the alleged Debt to major credit bureaus, including Equifax, that the Plaintiff owed the Debt and that the Debt was delinquent.

21. Both PINNACLE and CRS, since September 24, 2012 have been representing that Plaintiff owes the alleged Debt, despite being put on notice by the Plaintiff that the alleged debt is not and was not ever owed by Plaintiff.

22. On December 04, 2012 CRS held itself out as an authorized agent of PINNACLE and was attempting to collect the alleged Debt from the Plaintiff.

23. PINNACLE and CRS have been and continue to attempt to collect a debt that is not authorized by any agreement between Plaintiff and either Defendant, nor is the alleged debt owed by the Plaintiff and thus the attempted collection of the debt by Defendants is not authorized by law. Said actions have violated the FDCPA including, but not limited to, 15 U.S.C. § 1692(f)(1). Because Defendants' actions have violated 15 U.S.C. § 1692(f)(1), Defendants, and each of them, have also violated California Civil Code § 1788.17.

24. PINNACLE'S reporting of the alleged Debt to major credit bureaus, including but not limited to Equifax, and representing that Plaintiff owes the alleged Debt and that the Debt is outstanding is a violation of the FDCPA, including but not limited to, 15 U.S.C. § 1692d and § 1692e, as PINNACLE'S unlawful reporting has the natural consequence of harassing and oppressing the Plaintiff, and said reporting is a false, deceptive or misleading representation or means in connection with the collection of debt. Because PINNACLE'S acts have violated the FDCPA, they also violate California Civil Code § 1788.17.

25. Defendant's acts have caused the Plaintiff damages including stress, worry, anxiety, anger, frustration, sadness, and confusion.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### Violations Of The Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## Violation Of The Rosenthal Fair Debt Collection Practices Act

## §§ 1788-1788.32 (RFDCPA)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

31. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and each of them, as follows:

### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

LAW OFFICES OF STEVE GIMBLIN
1700 POOLE BLVD
YUBA CITY, CA 95993

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: March 29, 2013                     **LAW OFFICES OF STEVE GIMBLIN**


By:   /s/ Steve Gimblin
      **STEVE GIMBLIN**
      Attorney for Plaintiff

**VERIFICATION OF PLEADINGS**

DON STACHELRODT

I, DON STACHELRODT am a party to this action, I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES and know its contents. The matters stated in the VERIFIED COMPLAINT FOR DAMAGES are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  3/12/13

By:  /s/ Don Stachelrodt
DON STACHELRODT

LAW OFFICES OF STEVE GIMBLIN
1700 POOLE BLVD
YUBA CITY, CA 95993